IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNSYLVANIA STATE EDUCATION ASSOCIATION<br>400 North Third Street<br>PO Box 1724<br>Harrisburg, PA 17105-1724,<br>    Plaintiff, | :<br>:<br>:<br>:<br>:<br>: | Case No.<br><br><br><br><br>*Electronically Filed* |
| v. | :<br>: | |
| PENNSYLVANIA STATE EDUCATION ASSOCIATION STAFF ORGANIZATION<br>400 North Third Street<br>Harrisburg, PA 17105-1724<br>    Defendant | :<br>:<br>:<br>:<br>: | |

## COMPLAINT TO VACATE IN PART AN ARBITRATION AWARD

1.  This is an action brought under section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), to vacate in part a labor arbitration award issued on April 17, 2007 by Arbitrator Thomas Goldie pursuant to a

collective bargaining agreement between the Pennsylvania State Education Association ("PSEA") and the Pennsylvania State Education Association Staff Organization (the "Staff Organization").  In deciding a question not properly before him, Arbitrator Goldie exceeded his authority under the collective bargaining agreement.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 29 U.S.C. § 185(a), and under 28 U.S.C. §§ 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff PSEA is a labor organization, organized as a nonprofit corporation under Pennsylvania law, with its offices at 400 North Third Street, PO Box 1724, Harrisburg, Pennsylvania 17105-1724.

5. Defendant Staff Organization is a labor organization with its offices at 400 North Third Street, Harrisburg, Pennsylvania 17105-1724.  The Staff Organization represents approximately 230 PSEA employees for purposes of collective bargaining pursuant to the National Labor Relations Act, 29 U.S.C. §§ 151 *et seq*.

## BACKGROUND

<u>The PSEA-Staff Organization Grievance Resolution Procedure</u>.

6. The PSEA and the Staff Organization are parties to a collective bargaining agreement that covers the period of time from August 1, 2003 to July 31, 2008 (the "CBA"). That agreement establishes procedures (including arbitration) for the resolution of grievances brought by the Staff Organization on behalf of the PSEA employees it represents.

7. Specifically, Article IV of the CBA establishes a four-stage grievance-resolution procedure. A copy of Article IV of the CBA is attached hereto as Exhibit A. The first stage calls for the aggrieved employee, together with the Staff Organization, to attempt to resolve the grievance informally. This stage generally (but not always) culminates with PSEA reviewing the grievance and, within five days, rendering a written decision. If PSEA's decision is unsatisfactory to the employee, or if PSEA does not render a decision, the employee may move to stage two. Stage two calls for the PSEA executive director to hold a hearing and review the grievance, and issue a written decision. Should the grievance remain unresolved at the end of stage two (either because the executive director's decision is unsatisfactory, or because the executive director does not issue a decision), stage three permits voluntary mediation.

8. Finally, if parties do not choose to mediate their dispute, or if the grievance remains unresolved at the conclusion of mediation, the Staff Organization may demand that the grievance be submitted for arbitration.

9. The CBA specifically provides in Article IV § 4.4, at Stage 4(C), that, in resolving a grievance, the "arbitrator shall have no power to add to or amend in any respect any provisions of [the CBA]."

10. Article IV also contains a provision, § 4.3(I), that explicitly specifies the consequences of the employer's failure to respond to a grievance at any stage of the procedure:

> Failure at any stage of the grievance procedure to communicate a decision to the aggrieved party, the aggrieved party's representatives, and the Staff Grievance Committee within the specified time period shall permit the lodging of an appeal at the next stage of the procedure within the time which would have been allotted had the decision been communicated on the final day.

The Steiber Grievance.

11. In late 2004, James Steiber, who is PSEA's Accounting Supervisor and a member of the bargaining unit represented by the Staff Organization, initiated a grievance claiming that he had temporarily been assigned to perform the duties of a higher-level employee, but that he had not been paid accordingly. The

4

grievance was not resolved through the first three stages of the CBA grievance resolution process, and the Staff Organization initiated arbitration.

13. On January 30, 2007, an arbitration hearing in FMCS Case Number 05-59427 was held before Arbitrator Thomas K. Goldie. In its brief, the Staff Organization articulated only one issue to be decided by the arbitrator: "Did PSEA violate Section 10.5 [governing assignments of staff members] and/or Section 22.1 [governing temporary upgrading of staff members] of the Collective Bargaining Agreement when it denied temporary assignment pay and/or a temporary upgrade to James Steiber for work performed during the disability leave of Guy Green? If so, what is the remedy?" This was the only issue addressed by the parties during the course of the arbitration itself and in their post-arbitration briefs.

13. On April 17, 2007, Arbitrator Goldie issued his award in that case, which PSEA received on April 18. A copy of the award is attached hereto as Exhibit B.

14. In his award, Arbitrator Goldie found that PSEA "did not violate the provisions of Articles X, Section 10.5 and XXII, Section 22.1 . . . Grievant Steiber was properly compensated during the period at issue . . . ."

15. Arbitrator Goldie went on to state, however, that PSEA had violated Article IV § 4.4(C) of the CBA by failing to issue a written response to Steiber's

grievance at stage one. Based on this perceived procedural failing, Arbitrator Goldie held that Steiber was entitled to half the amount of his claim, or $3500.00.

16.	Had any issue regarding PSEA's compliance with Article IV, § 4.4(c) been properly presented to Arbitrator Goldie, PSEA would have adduced evidence that, with respect to Steiber's grievance and several others pending at the same time, PSEA and the Staff Organization had mutually agreed to modify the grievance resolution procedure such that PSEA was not required to issue a written decision at stage one.

## CAUSE OF ACTION

17.	By rendering a decision on an issue that the parties to the arbitration proceeding had not submitted to him, Arbitrator Goldie exceeded his authority under the parties' collective bargaining agreement.

18.	The CBA explicitly provides that, should PSEA fail to respond to a grievance within the time allotted in the CBA, the grievant's remedy is to proceed directly to the next stage of the grievance resolution procedure. Arbitrator Goldie's award of monetary damages as a remedy for the employer's failure to respond in writing at stage one does not draw its essence from the CBA.

## PRAYER FOR RELIEF

WHEREFORE, the PSEA asks this Court to vacate in part Arbitrator Goldie's award in FMCS Case Number 05-59427 insofar as it purports to rule on PSEA's compliance with Article IV § 4.4(C) of the CBA, and direct the parties to cease and desist from complying with that portion of the award; and to grant the PSEA such other and further relief to which it may be entitled.

Respectfully submitted,

Charles W. Johnston, P.C.
Suite 203, 150 Corporation Center Drive
Post Office Box 98
Camp Hill, PA 17001-0098
Telephone:  (717) 975-5500
Facsimile:  (717) 975-5511

Dated:  May 17, 2007

/s/ Charles W. Johnston
Pa I.D. No. 15621
e-mail:  cjohnston@jadlegal.com

John M. West
e-mail:  JWest@Bredhoff.com
Charlotte Garden
e-mail:  CGarden@Bredhoff.com
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, N.W., Suite 1000
Washington, DC  20005
Telephone: (202) 842-2600
Facsimile:  (202) 842-1888

*Attorneys for Plaintiff*